That's United States v. Colello. Mr. Stein, you've got five minutes, one second just so we can get set. All right, Mr. Stein, you may proceed. Good morning, Your Honor, and may it please the Court. My name is Daniel Stein. I represent Mr. Colello in connection with this appeal. I was appointed in this Court to represent Mr. Colello pursuant to the Criminal Justice Act and similarly was appointed under the Criminal Justice Act to represent him in the District Court, but only after the trial proceedings. I was appointed for post-trial motions and sentencing. I want to begin by getting to the issue that I think underlies a lot of the disagreements between the parties, and that is the question of whether or not the evidence in this case was, as Judge Rakoff put it, a little short of overwhelming. To be direct about it, we disagree with Judge Rakoff's assessment. I was not trial counsel, but based on our review of the record, we disagree with that. And at the heart of our motion is the idea that we agree there is substantial evidence that a fraud was committed based on forged or inauthentic letters of credit. We agree that Mr. Colello had something to do with this fraud, but the evidence that Mr. Colello was a knowing and witting participant is far from overwhelming. And that central idea is what underlies the various issues we intend to present on appeal and is what underlies our motion. How do you get to sort of the substantial question, merits issue, until we get over the risk of flight? You've got a steep burden post-conviction to provide clear and convincing evidence of an absence of that. How do you get to clear error in the district court's ruling on that in the face of your client's history of pretty aggressive attempts at flight in a prior situation? So we would say a couple of things in response to that, Your Honor. Number one is that history occurred in 2002, so it's a long time ago when he was a very different person. Secondly, in the case in which that attempted flight occurred, the district court granted bail pending appeal, and that was in 2004. So in that very case, 20 years ago, the court found that it could look past that conduct and grant bail pending appeal, and he complied with all the conditions of his bail at that point, as he did in this case throughout. Number three, we would say that at this point, Mr. Colello is a 71-year-old man who is suffering from a variety of health problems. He wants nothing more than to be with his family. His wife is here in court today because she supports him. He wants to meet his newborn grandchild and be with his children for whatever time he has left. And then finally, I would say, in terms of risk of flight, even when Judge Rakoff made his initial bail determination in May of 2023, that was at a time when no one knew what the sentence would be. There was a mandatory minimum sentence. The guidelines were potentially, I think the PSR called for a six-year sentence. At this point, we know the sentence, what it is. It was a five-year sentence. Mr. Colello has served a substantial portion of that. In fact, he's due to be released, according to what the BOP currently reports, in August of 2027, and potentially much sooner than that, depending on his health and other BOP programs that allow for early release of certain categories of defendants. So it's not as if he's facing an uncertain, lengthy term of imprisonment. He's facing a certain short remaining term of imprisonment and wants to be with his family and with his lawyers to pursue this appeal. I would finally point out that the current briefing schedule for this appeal calls for our brief on appeal to be filed in December. There will obviously be opposition and reply between that and argument and the lengthy trial record that would have to be reviewed. There's a substantial chance that Mr. Colello will have served the vast majority of his incarcerative sentence by the time his appeal can be heard and adjudicated, and we think that that should weigh as well. Unless the court has further questions, we'll rest on our submissions. Thank you, Mr. Stein. We'll now hear from the government. Mr. Wright. Good morning, Your Honor. May it please the court. My name is Thomas John Wright, and I represent the government on this appeal, as I did below before the district court. Your Honor, I think that the threshold question that Your Honor has identified is the correct one, and I think that the record is very clear that Judge Rakoff did not clearly air in holding that the defendant failed to show by clear and convincing evidence that he will not flee. That is the preliminary question, and it's one respectfully that the defendant cannot surmount. And if there are any questions, the government is obviously prepared to answer. In other words, we'd rest on its submission. How does anybody ever sort of overcome the district court's conclusion of flight? I mean, the facts, the prior conduct is not really disputed. And so it's whether he's a changed man, as Mr. Stein says, or not. And the district court concluded that this is somebody who is not a changed man, is willing to say whatever it takes, and therefore is at risk of flight. Your Honor, on these facts, the government would submit you can't surmount those findings. I think it's a factual inquiry. I think it's also important to emphasize, Your Honor, that the principal argument both made in the papers and today is that the defendant's prior attempt to flee the United States in a not dissimilar case occurred some number of years ago, just over 20 years ago. I think that what's important in this case is that at that time, this defendant, unlike many others who are talking about conduct from long ago, was himself a grown man with a family, similar to his circumstances now. He was in his late 40s and at that time a fully formed moral being who cannot point to a lapse in judgment or an indiscretion of youth, but rather a prepared and considered decision facing the possibility of multiple years in federal prison, which is now his certainty, he chose to flee. So I think on that record, Your Honor, we agree that you cannot make this showing. And I think that particularly given Judge Rakoff's familiarity with the record and its demonstration of this defendant's willingness to lie in order to serve his own interests, that there is, as the law obviously commands, considerable deference owed to his decision. Okay. Thank you very much, Mr. Wright. Thank you both. We will reserve decision. Thank you very much, Your Honor.